AYRES, Judge.
This is an action for workmen’s compensation directed by plaintiff against his employer’s insurer. Plaintiff sought recovery of maximum statutory benefits as provided for total and permanent disability, as well as penalties and attorney’s fees for defendant’s arbitrary refusal to pay compensation.
From an adverse judgment, plaintiff appealed.
The judgment appealed was predicated upon a conclusion that plaintiff failed to establish, by a reasonable preponderance of *104 evidence and to a legal certainty, he had sustained disabilities entitling him to compensation benefits. Therefore, the issue presented is purely a question of fact.
Relevant facts disclosed by the record are that plaintiff and three others were employed in a janitorial capacity at the Petroleum Tower in the City of Shreveport. Plaintiff testified that July 15, 1966, while working with two of the other employees, after mopping a floor and while en route to a mop wringer, he slipped and, in avoiding a fall, twisted his back. That very evening he reported the accident to his foreman. Next day, he was sent to Dr. E. C. Simon-ton, an orthopedic surgeon of Shreveport, for examination and treatment.
Dr. Simonton diagnosed plaintiff’s injury as a lumbosacral strain. After the initial examination and treatment, plaintiff was instructed to return four days later, which he did. Another examination was then made and, in the doctor’s opinion, plaintiff had fully recovered and was able to return to his work, which he was in-: structed to do. The doctor saw plaintiff on two subsequent occasions, July 29, 1966, and October 19, 1966. Examinations on these days revealed no residual effects or disability and confirmed Dr. Simonton’s opinion that plaintiff was fully able to return to his employment.
In the meantime, plaintiff, of his own volition, sought, on two occasions, the services of Dr. H. A. Foster of the Sanders Clinic. This physician was not, however, produced as a witness; nor was his deposition taken. The record does not account for this failure.
Following the institution of this action, Dr. Willis J. Taylor, an orthopedist, examined plaintiff at defendant's request. Dr. Taylor found no condition warranting a conclusion plaintiff was disabled, but, to the contrary, expressed the opinion plaintiff was able to perform manual labor such as janitorial services.
During October and December, 1966, and in January, 1967, plaintiff visited the Confederate Memorial Medical Center, in Shreveport, where he was seen by two interns and one resident who, although recognizing their inexperience, nevertheless expressed their opinion in the form of mere impressions that plaintiff was not disabled but, in fact, fully able to discharge the duties of his employment.
The lay testimony is stressed by plaintiff. Plaintiff’s sworn testimony is to the effect that he had always supported his wife and children through the performance of manual labor. In this respect he was supported by the testimony of his wife and his mother, who further stated plaintiff slept on a stiff bed board because of pain in his back.' Three other lay witnesses testified that plaintiff had been a good worker and that they had found him honest and reliable. This testimony, although its admissibility is questionable where there is no conflict in the medical testimony, lends little, if any, support to plaintiff’s case.
The burden of proof is upon plaintiff, in a compensation case, as upon plaintiffs in other civil actions, to establish his claim by a reasonable preponderance of evidence and to a legal certainty. As was so clearly pointed out in Roberts v. M. S. Carroll Co., 68 So.2d 689 (La.App., 2d Cir. 1953), speculation, conjecture, mere possibility, and even unsupported probability are not sufficient to support a judgment.
We conclude, from our review of the record, as did the trial court, that plaintiff has not established his case to that degree of certainty required by law.
The judgment appealed is accordingly affirmed at plaintiff-appellant’s costs.
Affirmed.